IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:23-cv-00594-SKC-TPO

SIMCHAT TORAH BEIT MIDRASH, a nonprofit corporation,

    Plaintiff,

v.

PHILADELPHIA INDEMNITY INSURANCE COMPANY,

    Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S FIRST SUPPLEMENTAL EXPERT DISCLOSURES (DKT. 57)**

---

The above-referenced Motion is now before the Court. The Court has considered the Motion, Defendant's Response (Dkt. 63), and Plaintiff's Reply (Dkt. 70). No hearing is necessary to aid the Court's ruling. This is an insurance bad faith case arising from a windstorm which Plaintiff claims damaged the custom slate roof tiles of Plaintiff's synagogue and broadcasting station. As a result of the damage, Plaintiff made a claim with its insurance carrier, Defendant Philadelphia Indemnity Insurance Company, under a property insurance policy.

With its Motion, Plaintiff seeks an order striking Defendant's supplemental report of its retained costing expert, Gary Stevens ("Stevens Supplement"). Plaintiff raises varied reasons to strike the Stevens Supplement, some of which are difficult to

1

follow. But the core legal reasons appear to be that it was disclosed late; it relies on the opinions of another expert that was not previously disclosed; it cannot pass the *Daubert* standard; and it includes sur-rebuttal opinions.[1] Defendant argues the Stevens Supplement does not constitute a Rule 26(a)(2) violation, and even if it does, the alleged late disclosure was justified and harmless. It further contends the Stevens Supplement complies with Fed. R. Evid. 702 and 703.

Because the Court finds the Stevens Supplement violates Rule 26(e) and the violation was neither justified nor harmless, the Motion is GRANTED.[2]

## PERTINENT FACTS

The Court issued a Scheduling Order in this case which included applicable deadlines concerning expert disclosures. Dkt. 17. After the dust settled on various extensions of those deadlines, the operative deadlines were as follows:

**01/19/2024:** deadline for disclosure of affirmative experts

**03/15/2024:** deadline for disclosure of rebuttal experts

**08/16/2024:** discovery cut-off

---

[1] While Rule 26 permits affirmative and rebuttal expert disclosures, it does not contemplate sur-rebuttal expert disclosures. *Rothenberg v. Standard Ins. Co.*, No. 11-cv-01906-WYD-KMT, 2012 WL 2126846, at *2 (D. Colo. June 12, 2012) (citing Fed. R. Civ. P. 26(a)(2)(A)). Accordingly, whether to allow sur-rebuttal evidence is within the district court's sound discretion. *United States v. Sorensen*, 801 F.3d 1217, 1239 (10th Cir. 2015) (citing *United States v. Herring*, 582 F.2d 535, 543 (10th Cir.1978).

[2] Since the Court's ruling is based on Defendant's discovery or disclosure violation, the Court does not reach Plaintiff's additional arguments for striking the Stevens Supplement.

2

On January 19, 2024, Defendant timely disclosed Gary Stevens as a specially retained expert witness. In his expert report, at various points Stevens indicated his need to inspect the property relevant to certain of his opinions. Dkt. 57-1, p.2 ("I would request an opportunity to inspect the subject property in order to verify and or confirm certain items being claimed."), p.6 ("[T]here are some slate roof line items within CPPA's estimate I will not opine on until I have had an opportunity to inspect the property."); *see also id.* at pp.9, 10, 11, 12-13 (referring to the need to inspect the property regarding his opinions on line item nos. 6, 7, 9, 22, 24-26, respectively).

On March 14, 2024, one day before the deadline for disclosure of rebuttal experts, defense counsel initiated conferral with Plaintiff's counsel over a site inspection for Stevens. Dkt. 57-6, p.3. The next day, on March 15, 2024, Plaintiff timely disclosed David Phalen as an expert witness to rebut Stevens' opinions disclosed in January.

The parties were unable to schedule the site inspection for any earlier than May 10, 2024. Stevens inspected the property that day. He brought with him John Fleming of Weathercraft Company of Colorado Springs, Inc. (collectively, "Fleming"), and Fleming took a core sample of roof material during the inspection over Plaintiff's apparent objection. On July 3, 2024, Defendant disclosed the Stevens Supplement. Among other topics, the Stevens Supplement specifies that it "will be discussing the following topics that were observed during my inspection: . . . Estimates submitted by [Fleming] [and] David Phalen's [] report dated February 28, 2024." Dkt. 63-1, p.8.

3

## LEGAL PRINCIPLES

Federal Rule of Civil Procedure 26(a)(2)(E) states "the parties must supplement [their expert] disclosures when required under Rule 26(e)." Rule 26(e)(1)(A) provides that a party must supplement "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Although Rule 26(e) imposes a duty to supplement on the parties, it cannot be used to circumvent deadlines in the Scheduling Order. Rather, supplementation is a means for "correcting inaccuracies, or filling the interstices of an incomplete report based on information that was not available at the time of the disclosure." *Mullin v. Hyatt Residential Grp., Inc.*, No. 13-cv-2348-WJM-NYW, 2015 WL 1502379, at *3 (D. Colo. Mar. 27, 2015) (quoting *Aid for Women v. Foulston*, 2005 WL 6964192, *3 (D. Kan. July 14, 2005)).

When "a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The determination of whether a Rule 26(e) violation is justified or harmless is entrusted to the broad discretion of the district court. *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999). "A district court need not make explicit findings concerning the

4

existence of a substantial justification or the harmlessness of a failure to disclose." *Id.* "Nevertheless, the following factors should guide its discretion: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Id.*

## ANALYSIS AND FINDINGS

Rule 26(e) requires *timely* supplementation of disclosures. Fed. R. Civ. P. 26(e)(1)(A). The Court finds the Stevens Supplement was untimely considering Defendant's knowledge that Stevens required a site inspection as early as January 19, 2024.

In his initial report disclosed January 19, 2024, Stevens made clear that a site inspection was necessary to certain of his opinions. And yet, Defendant waited nearly two months to initiate conferral with Plaintiff over a site inspection. When it finally raised the issue, it did so the day before Plaintiff's rebuttal expert disclosures were due. Then the site inspection did not occur until May 10, 2024, nearly five months after Stevens indicated he needed a site inspection.[3] *Henderson v. Nat'l R.R. Passenger Corp.*, 412 F. App'x 74, 81 (10th Cir. 2011) (referring to the trial court's observation that "Plaintiffs evidently made very little effort to obtain the necessary

---

[3] The Court understands that scheduling the site inspection took some time based on the number of individual schedules involved, but that was even more reason for Defendant to have acted promptly after January 19, 2024, to schedule and complete the site inspection.

5

information[.]"). It then took Defendant nearly two months from the site inspection to disclose the Stevens Supplement on July 3, 2024. Discovery closed soon after on August 16, 2024.

A review of the Stevens Supplement demonstrates he took liberties that exceeded merely supplementing his opinions, as primarily observed with his opinions which rebut or address Plaintiff's rebuttal expert's opinions. To be sure, even Stevens concedes the liberties he took with his supplement as explained by him in his Declaration attached as an exhibit to Defendant's Response (Dkt. 63):

> My supplemental report dated July 3, 2024, was based on my inspection of the Property. The inspection of the Property was necessary to further support the opinions offered in my initial report and *confirm the unsubstantiated, excessive, and unnecessary costs contained in Plaintiff's expert costing report issued by David Phalen and the public adjuster's estimate in which Phalen relies upon.* That analysis is provided within my supplemental report *and is an extension of my opinions identified in my initial report.*

Dkt. 63-1, ¶5 (emphasis added). *See Cook v. Rockwell Int'l Corp.*, 580 F. Supp. 2d 1071, 1169 (D. Colo. 2006) ("A supplemental expert report that states additional opinions or rationales or seeks to 'strengthen' or 'deepen' opinions expressed in the original expert report exceeds the bounds of permissible supplementation and is subject to exclusion under Rule 37(c)."). For these reasons, the Court finds the Stevens Supplement violates Rule 26(e).

If a party fails to timely supplemental an expert report, it is prohibited from using that information at trial unless "the failure was substantially justified or is

6

harmless." Fed. R. Civ. P. 37(c)(1). The question, thus, is whether Defendant's violation is substantially justified or harmless. The Court finds it is neither.

First, Defendant offers no explanation at all for the various delays (noted above) leading to its disclosure of the Stevens Supplement on July 3. Second, its suggestion that Plaintiff could have conducted discovery over the supplement is unavailing. The failure to comply with discovery and disclosure rules is not excused in every instance simply because time remains on the schedule to conduct additional discovery. *See, e.g., Beller ex rel. Beller v. United States*, 221 F.R.D. 689, 694 (D.N.M. 2003). And the suggestion, under the circumstances presented here, would render the finality of expert and supplemental reports a moving target. *See id.* at 695 ("To rule otherwise would create a system where preliminary reports could be followed by supplementary reports and there would be no finality to expert reports, as each side, in order to buttress its case or position, could 'supplement' existing reports and modify opinions previously given.").

For the reasons shared above, and considering the four *Woodworker's Supply* factors, the Court finds the Stevens Supplement should be stricken to prevent prejudice to Plaintiff. It's too late to cure this prejudice because trial is set to commence in a matter of days, on March 10, 2025.

Subject to any objections at trial, Stevens may testify to his opinions disclosed in his initial report, but he is precluded from offering any opinions contained in the supplemental report. *The Quapaw Tribe of Oklahoma v. Blue Tee Corp.*, No. 03-CV-

7

0846-CVE-PJC, 2010 WL 3909204, at *6 (N.D. Okla. Sept. 29, 2010) (The Tribe also overstates the harm to its case from exclusion of Brown's and Whitelaw's new reports, because the Tribe may still rely on the expert opinions stated in [their] initial reports[.]"). The Motion is GRANTED.

DATED: March 1, 2025

BY THE COURT:

S. Kato Crews
United States District Judge